IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> KEVIN D. BROWN, : <br> : <br> Defendant. : | Crim. No. 20-717 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Kevin D. Brown's motion for early termination of his term of supervised release. (ECF No. 4). The United States of America ("the government") opposed (ECF No. 7). For the reasons set forth below, Defendant's motion is **DENIED**.

    **I.**    **BACKGROUND**

On June 6, 2005, Defendant pled guilty to two counts brandishing a firearm in furtherance of a crime in violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and (2). (ECF No. 3). On September 26, 2005, the Court for the Eastern District of North Carolina sentenced Defendant to 360 months in prison and five years of supervised release. (ECF No. 3-3). On February 15, 2020, Defendant began his supervised release term. Supervision was transferred to the District of New Jersey on August 25, 2020. (ECF No. 1).

Defendant participated in several gunpoint robberies in 2004 where he acted as the getaway driver and lookout on multiple occasions. On one occasion, Defendant was armed with a firearm while his co-conspirators committed an armed robbery. Separately, Defendant has had multiple state court felony drug, firearms, and assault convictions stemming from domestic violence incidents.

On April 25, 2022, Defendant filed for early termination of supervised release because he is a productive citizen and has maintained employment since his release. (ECF No. 4). At times, Defendant has worked two jobs in order to support himself and others. Currently, Defendant has served approximately half of his supervised release term.

## II. LEGAL STANDARD

The Court may terminate a term of supervised release at any time after one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court considers the following factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.
> .

18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7). The defendant is not required to show that something exceptional or extraordinary warrants early termination, or that there are new or unforeseen circumstances. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). When deciding if it should terminate supervised release, the Court must consider the § 3553(a) factors and determine if the action "is warranted by the defendant's conduct and is in the interest of justice." *Id.* The Court only must make a statement saying it has considered the factors, and it does not have to speak to each factor individually. *See id.* (citing *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003)). Further, a defendant's compliance with their terms of supervision is expected and not enough to justify early termination. *See, e.g.*, *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

### III. DISCUSSION

Upon review, the Court determines that early termination of supervised release is not justified in this case.

First, after considering the § 3553(a) factors, the Court finds they do not warrant an early termination of supervised release. Given the nature and circumstances of the offense and Defendant's history, there is a need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Importantly, Defendant's prior convictions resulted from conduct that either constituted or was followed by violations of the conditions of his state supervision.

Second, the Court maintains that the term of supervised release was compliant with the sentencing objectives under § 3553(a). Defendant's term "was calculated under U.S.S.G. § 5D1.2(a)(1), which recommended at least three years but no more than five years" of supervised

release under 18 U.S.C. § 3583(b)(1). Here, five years is appropriate given the nature of the offense and Defendant's history. Accordingly, Defendant's sentence was within the sentencing guidelines, met the requirements under 18 U.S.C. § 3553, and was "sufficient but not greater than necessary." *See Melvin*, 978 F.3d at 53; 18 U.S.C. § 3553(a).

Third, there are no circumstances that would warrant early termination of supervised release; Defendant has merely complied with his supervised release. Specifically, Defendant contends that his status as a productive citizen is grounds to warrant early termination of supervised release. However, Defendant's compliance with the terms of supervision is expected and not enough to justify early termination. While changed circumstances are not necessarily required to grant early termination of supervised release, *see Melvin*, 978 F.3d at 53, there are no changed circumstances to warrant early termination. Therefore, for the above reasons, Defendant's circumstances do not warrant early termination of his supervised release.

### IV.   CONCLUSION

For the reasons herein, Defendant's motion for early termination of his supervised release is **DENIED**.

Dated:   August 24, 2022

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge